```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
```

UNITED STATES OF AMERICA

        Plaintiff,

    -against-

CHIN LING HAN,

        Defendant.

```
-------------------------------X
```

**MEMORANDUM & ORDER**

10-CV-888 (KAM)

**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

    Plaintiff United States of America ("plaintiff") brought this action against defendant Chin Ling Han ("defendant") to collect outstanding unpaid liability for federal internal revenue taxes pursuant to the provisions of 26 U.S.C. §§ 7401 and 7402(a) with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States.

    Upon failure of defendant to appear, answer, or respond to the complaint, plaintiff requested the Clerk of Court to enter a default for defendant, which was entered on July 20, 2010. (*See* ECF No. 4, Motion for Entry of Default; ECF No. 5, Clerk's Entry of Default ("Clerk's Default J.").) Presently before the court is plaintiff's motion for default judgment, which seeks damages in the amount of $731,411.38. (ECF No. 7, Application for Entry of Default Judgment ("Pl. Mot.").)

Defendant has not submitted any opposition to plaintiff's motion, despite receiving notice and an opportunity to do so. (*See* Pl. Mot. at 3 (Certificate of Service dated June 3, 2011).)

For the reasons set forth below, the court grants plaintiff's motion for default judgment for the assessed and unpaid liabilities due and owing for defendant's federal income tax returns for the periods ending December 31, 1995 and December 31, 1996 ("tax year 1995" and "tax year 1996," respectively).

## BACKGROUND

According to the complaint, defendant failed to pay the amounts owed in full for her federal income tax returns for the tax years 1995 and 1996. (ECF No. 1, Complaint ("Compl.") ¶¶ 3-5.) Defendant filed United States Individual Income Tax Returns (Forms 1040) jointly with her spouse, Mao Yang Lin, for tax years 1995 and 1996 on April 15, 1996 and April 15, 1997, respectively. (*See* ECF No. 8, Supplemental Memorandum of Law in Support of Motion for Entry of Default Judgment ("Suppl. Mem.") at 1; ECF No. 8-1, Declaration of Andrew Barone dated October 14, 2011 ("Barone Decl.") ¶ 3.) On October 20, 1998, after the Internal Revenue Service ("IRS") determined that there were tax deficiencies with respect to both tax years 1995 and 1996, defendant and her spouse executed a Form 872 (*Consent to Extend the Time to Assess Tax*) extending to June 30, 2000 the time

2

within which additional federal income tax could be assessed for tax year 1995.[1] (Suppl. Mem. at 1-2; Barone Decl. ¶ 5.) The IRS completed its assessments for tax years 1995 and 1996 on February 28, 2000. (Suppl. Mem. at 2; Barone Decl. ¶ 6.)

The Internal Revenue Service has calculated the amount of defendant's unpaid taxes due and owing, including assessed taxes, penalties, and interest up to June 2, 2011, to be $728,746.62 for tax year 1995 and $2,664.76 for tax year 1996, for a total of $731,411.38. (Pl. Mot. at 1; ECF No. 7-2, Affidavit of Debt ("Aff. of Debt").) Plaintiff alleges that defendant was sent notices of the assessment and demands for payment for each of the amounts, but defendant has nevertheless refused, failed, or neglected to pay. (Compl. ¶¶ 3-5.)

Plaintiff thereafter commenced this action on February 25, 2010, served the Complaint on defendant on June 17, 2010, (*see* ECF No. 3, Summons Returned Executed), and the Clerk of Court entered a default against defendant on July 20, 2010 (*see* Clerk's Default J.). Plaintiff now seeks a default judgment in the amount of $731,411.38.

## DISCUSSION
I.      **Liability**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may enter judgment against a defaulting

---

[1] The record does not indicate that the defendant executed a Form 872 for tax year 1996.

3

party when a plaintiff moves for judgment against an adverse party who has failed to answer or otherwise appear in the action. Fed. R. Civ. P. 55(b)(2). When a default judgment is entered, the defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to the allegations relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Moreover, an inquest by affidavit, without an in-person hearing, may be conducted so long as the court can ensure "a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). Thus, the movant need only show adequate support for the relief it seeks.

The United States may commence an action in federal court to collect unpaid federal taxes. *See* 26 U.S.C. §§ 7401, 7402(a); *Beeler v. United States,* 894 F. Supp. 761, 771-72 (S.D.N.Y. 1995) ("The Court has jurisdiction over this [tax, and tax penalties, assessment, and collection] action pursuant to 28 U.S.C. §§ . . . 7401, and 7402."). The government may seek to recover not only delinquent tax obligations but also statutory interest and penalties when the taxes are not timely paid. Section 6321 of the Internal Revenue Code provides:

4

> If any person liable to pay any tax neglects
> or refuses to pay the same after demand, the
> amount (including any interest, additional
> amount, addition to tax, or assessable
> penalty, together with any costs that may
> accrue in addition thereto) shall be a lien
> in favor of the United States upon all
> property and rights to property, whether
> real or personal, belonging to such person.

26 U.S.C. § 6321; *see also United States v. Washington*, No. 10 Civ. 2149 (BMC), 2010 U.S. Dist. LEXIS 63111, at *3-5 (E.D.N.Y. June 25, 2010) (awarding interest and statutory accruals in default judgment for failure to pay income tax); *see also United States v. Crichlow*, No. 02 CV 6774 (NG)(CLP), 2004 U.S. Dist. LEXIS 7719, at *7 (E.D.N.Y Apr. 9, 2004) (Report and Recommendation) ("It is equally clear that the government may seek to recover not only delinquent tax obligations but statutory interest and penalties when the taxes are not timely paid." (citations omitted)), *adopted by* 2004 U.S. Dist. LEXIS 15713 (E.D.N.Y. July 12, 2004).

**II.     Timeliness**

The statutes of limitations that govern the assessment and collection of federal income taxes are set forth in 26 U.S.C. §§ 6501 and 6502. First, Section 6501 provides that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) . . . and no proceeding in court without assessment for the collection of

5

such tax shall be begun after the expiration of such period."
26 U.S.C. § 6501(a). An exception to this rule is contained in Section 6501(c)(4)(A), which provides that, prior to the expiration of the three-year period in which a tax must be assessed, the government and the taxpayer may consent in writing to an extension of the time to assess. 26 U.S.C. § 6501(c)(4)(A). The IRS assessments with respect to tax years 1995 and 1996 were completed on February 28, 2000 (Barone Decl. ¶ 6), prior to both June 30, 2000, the date to which defendant consented pursuant to Section 6501(c)(4)(A) for tax year 1995 (*id.* ¶ 5), and April 15, 2000, three years after the date of the filing of defendant's tax return for tax year 1996 (*id.* ¶ 3). Accordingly, the assessments of defendant's taxes for tax years 1995 and 1996 were timely.

Second, Section 6502(a)(1) of Title 26 provides for a ten-year statute of limitations to collect a tax that begins to run upon the date of the assessment of the tax:

> (a) Length of period. Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun--
>
> (1) within 10 years after the assessment of the tax, or . . .
>
> If a timely proceeding in court for the collection of a tax is commenced, the period

> during which such tax may be collected by
> levy shall be extended and shall not expire
> until the liability for the tax (or a
> judgment against the taxpayer arising from
> such liability) is satisfied or becomes
> unenforcable.

26 U.S.C. § 6502(a). The assessments of defendant's taxes for tax years 1995 and 1996 were completed on February 28, 2000, and the statue of limitations for collection of those taxes was therefore February 28, 2010. Because the government filed its complaint on February 25, 2010 – only three days prior to the running of the statute of limitations – the government's action is timely with respect to the unpaid taxes for both tax years 1995 and 1996.

**III.     Damages**

Unlike allegations pertaining to liability, those pertaining to damages are not deemed admitted in the context of a motion for default judgment. *Greyhound Exhibitgroup*, 973 F.2d at 158 ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." (citation omitted)). Therefore, the movant must establish its entitlement to the recovery of damages. *Id.* The Second Circuit has held, however, "that as long as a district court 'ensured that there was a basis for the damages specified in the default judgment,' such as by relying on detailed affidavits and documentary evidence,

it is not necessary for the court to hold a hearing."
*Washington*, 2010 U.S. Dist. LEXIS 63111, at *2 (quoting
*Transatlantic Marine Claims Agency,* 109 F.3d at 111).

The government has set forth a chart in an affidavit of Mr. Andrew Barone, Technical Services Advisor with the IRS, dated June 3, 2011, detailing the unpaid tax assessments plus interest and penalties for tax years 1995 and 1996 owed by defendant. (*See* Aff. of Debt.) "In general, a government tax assessment is entitled to a presumption of correctness." *United States v. McCombs*, 30 F.3d 310, 318 (2d Cir. 1994) (citations omitted); *see Crichlow*, 2004 U.S. Dist. LEXIS 7719, at *13 (same). Additionally,

> The interest and penalties to be assessed on unpaid taxes, both for failing to file tax returns and failing to make timely payments, are set forth in 26 U.S.C. §§ 6601, 6651(a), and 6654. Thus, there is a statutory basis for the interest and penalties that the government has assessed against [the defendant].

*U.S. v. Chesir*, No. 08-CV-2552 (ENV)(SMG), 2011 U.S. Dist. LEXIS 83083, at *10 (E.D.N.Y. June 27, 2011) (Report and Recommendation), *adopted by* 2011 U.S. Dist. LEXIS 80836 (E.D.N.Y. July 20, 2011).

"A taxpayer who wishes to challenge the validity of the assessment, moreover, 'bears the burdens both of production and of persuasion.'" *McCombs*, 30 F.3d at 318 (citation

8

omitted). Defendant has failed to respond to the complaint and has not challenged the government's assessments. Accordingly, with no rebuttal evidence from the defendant, the court finds that the amounts of tax deficiencies, interest, and penalties asserted by the plaintiff are presumed to be correct. *See Washington*, 2010 U.S. Dist. LEXIS 63111, at *4 ("Defendants have failed to respond to the complaint and have not challenged these assessments. Accordingly, this Court finds that the amount of outstanding tax deficiencies asserted by the government, are presumed to be correct."); *Crichlow*, 2004 U.S. Dist. LEXIS 7719, at *13-14 (finding that "amounts of tax deficiencies asserted by the plaintiff to be due and owing are presumed to be correct."). Thus, the amount of taxes, penalties, and interest due and owing for tax years 1995 and 1996 is $731,411.38 plus interest and statutory accruals pursuant to 26 U.S.C. §§ 6601, 6621, 6622 and 28 U.S.C. § 1961(c) from June 2, 2011, until this judgment is fully paid. (*See* Aff. Of Debt.)

## **CONCLUSION**

For the foregoing reasons, the court directs entry of judgment in favor of plaintiff and against the defendant in the total amount of $731,411.38 plus interest and statutory accruals pursuant to 26 U.S.C. §§ 6601, 6621, 6622 and 28 U.S.C. § 1961(c) from June 2, 2011, until this judgment is fully paid The Clerk of Court is respectfully requested to enter judgment

in favor of the plaintiff and against defendant in accordance with this Order and close this case. Plaintiff is ordered to serve a copy of this Memorandum and Order on defendant and file a declaration of service by February 20, 2012.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 16, 2012

/s/
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York